[750 NYS2d 120]

In the Matter of RICHARD BRUCE CLARO, an Attorney, Resignor.

Second Department, November 18, 2002

### APPEARANCES OF COUNSEL

*Richard Bruce Claro*, Sea Cliff, resignor pro se.

*Robert P. Guido*, Syosset (*Muriel L. Gennosa* of counsel), for Grievance Committee for the Tenth Judicial District.

### OPINION OF THE COURT

Per Curiam.

Richard Bruce Claro has submitted an affidavit dated July 10, 2002, wherein he tenders his resignation as an attorney and counselor-at-law (*see* 22 NYCRR 691.9). Mr. Claro was admitted to the bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on May 8, 1975.

Mr. Claro acknowledged his inability to defend himself on the merits against the disciplinary charges which have been initiated against him by the Grievance Committee as a result of its ongoing investigation.

Mr. Claro admits that he was entrusted with client funds representing contract deposits which were to be preserved in escrow until the closing of each real estate transaction. With respect to the first transaction, Mr. Claro was entrusted with $35,000 between January 2000 and August 2000. With respect to the second transaction, he was entrusted with $15,158 between June 2001 and October 2001. During those periods, Mr. Claro failed to properly maintain and preserve the down payments but converted and misappropriated them for purposes other than those for which they were intended. Mr. Claro also admitted commingling personal funds with client funds, issuing client trust account checks for personal debts, and failing to properly maintain and preserve required bank and bookkeeping records for his client trust account.

Mr. Claro avers that his resignation is freely and voluntarily tendered and that he has not been subjected to coercion or duress by anyone. He is fully aware of the consequences of submitting his resignation, including being barred by Judiciary Law § 90 from seeking reinstatement for at least seven years.

Mr. Claro acknowledges that his resignation is submitted subject to any application which may be made by the Grievance Committee for an order directing that he make restitution and that he reimburse the Lawyers' Fund for Client Protection, pursuant to Judiciary Law § 90 (6-a). He acknowledges the continuing jurisdiction of the Court to make such an order, which could be entered as a civil judgment against him, and he specifically waives the opportunity afforded by Judiciary Law § 90 (6-a) (f) to be heard in opposition thereto.

The Grievance Committee submits that the proffered resignation complies with the requirements of the rules of this Court (*see* 22 NYCRR 691.9) and recommends its acceptance. It requests that its pending motion to immediately suspend the respondent and authorize the institution of a disciplinary proceeding be deemed withdrawn.

Under the circumstances, Mr. Claro's resignation is accepted and, effective immediately, he is disbarred, and his name is stricken from the roll of attorneys. The Grievance Committee's motion for, inter alia, respondent's interim suspension is deemed withdrawn.

PRUDENTI, P.J., RITTER, SANTUCCI, ALTMAN and TOWNES, JJ., concur.

Ordered that the resignation of Richard Bruce Claro is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Richard Bruce Claro is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Richard Bruce Claro shall promptly comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Richard Bruce Claro is commanded to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that the pending motion by the Grievance Committee to suspend the respondent and to authorize the institution and prosecution of a disciplinary proceeding is withdrawn.